```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

TIMOTHY WAYNE WILLIAMS,               :
                                      :
    Petitioner.                       :
                                      :
vs.                                   :      CIVIL ACTION 15-0126-WS-M
                                      :
CYNTHIA STEWART,                      :
                                      :
    Respondent.                       :

<u>REPORT AND RECOMMENDATION</u>

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. Gen.L.R. 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent Cynthia Stewart and against Timothy Wayne Williams.

    Petitioner was convicted of first-degree rape in the Mobile County Circuit Court on April 12, 2011 for which he received a

sentence of ten years in the state penitentiary (Doc. 1, p. 3; Doc. 6, pp. 1-2).

On May 12, 2011, Williams filed a Motion to Set Aside the Judgment or, in the Alternative, Grant a New Trial, a Motion that was later amended (Doc. 6, Exhibit A, Volume 1, pp. 39-40, 46). Following a hearing on one of the issues, the Motion was denied in its entirety (see id. at pp. 27-29).

Williams appealed, but the Court of Criminal Appeals of Alabama affirmed the conviction and sentence on May 18, 2012 (Doc. 6, Exhibit D). On November 30, 2012, the Supreme Court of Alabama affirmed the conviction (Doc. 6, Exhibit E); on the same date, the certificate of judgment was issued (Doc. 6, Exhibit F).

On May 17, 2013, Williams filed a State Rule 32 petition (Doc. 6, Exhibit G, pp. 15, 19-28). It was denied on January 10, 2014 (id. at p. 38-43). On August 1, 2014, the Alabama Court of Criminal Appeals affirmed the lower court's decision (Doc. 6, Exhibit J). On October 10, 2014, the Alabama Supreme Court denied certiorari (Doc. 6, Exhibit K) and the Certificate of Judgment was issued (Doc. 6, Exhibit L).

Petitioner filed a complaint with this Court on March 9, 2015, raising the claim that his trial and appellate attorneys rendered ineffective assistance. More specifically, Williams

2

asserted that his trial attorney failed to: (1) properly investigate the facts surrounding the incident for which he was convicted; and (2) call a corroborating witness to testify; he claims that his appellate attorney erred in not raising an ineffective assistance of counsel claim on appeal (Doc. 1).

The Court first notes that Defendant states that this action is not barred by the limitations period of the Anti-Terrorism and Effective Death Penalty Act of April 24, 1996 (Doc. 6, pp. 9-11; Doc. 11).  However, Defendant asserts that these claims are procedurally barred because they were not timely raised in the appropriate venue (Doc. 6, pp. 11-19).

A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a

lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.

The Court will now review Petitioner's claims to determine when they were first raised and his dedication in pursuing them in the Courts.

Williams claims that his trial counsel rendered ineffective assistance in failing to properly investigate the circumstances surrounding the incident for which he was convicted.  Petitioner specifically asserts that his attorney presented no physical, forensic, documentary, or medical evidence on his behalf (Doc. 1, pp. 6, 11).  He claims that his attorney was unaware of—or forgot—rulings by the Court (*id.* at p. 15).  Finally, Williams asserts that his attorney failed to adequately interview a fact witness (*id.* at pp. 15-16).

In the decision on appeal of the denial of Petitioner's Rule 32 petition, the Alabama Court of Criminal Appeals held that this claim—and these issues—were procedurally defaulted as they had not been raised initially in the Court below (Doc. 6, Exhibit J, pp. 2-3).  Under *Harris*, this claim is procedurally defaulted.

Next, Williams claims that he had informed his trial attorney that his son could corroborate his testimony, but Petitioner was the only witness he called (Doc. 1, p. 7).

The evidence shows that Williams raised this claim in his Motion to Set Aside the Judgment or, in the Alternative, Grant a New Trial.  The Alabama Court of Criminal Appeals, again on appeal of the Rule 32 petition, held that the claim was procedurally defaulted under Ala. Crim. App. P. 32.2(a)(5)[1] because Williams did not raise the claim on the direct appeal of his conviction (Doc. 6, Exhibit J, pp. 3-4).  Under *Harris*, this claim is procedurally defaulted.

Williams also claims that his appellate counsel rendered ineffective assistance in failing to assert that his trial attorney had rendered ineffective assistance in not properly investigating his case (Doc. 1, p. 24).  Petitioner raised this claim in his Rule 32 petition, but the Alabama Court of Criminal Appeals held that he had defaulted on the claim because it did not comply with Ala.R.App.P. 28(a)(10)'s[2] requirements (Doc. 6,

---

[1] **Error! Main Document Only.**"A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal."

[2] "The brief of the appellant or the petitioner, if a petition for a writ of certiorari is granted and the writ issues, shall comply with the form requirements of Rule 32.  In addition, the brief of the appellant or the petitioner shall contain under appropriate headings and in the order here indicated:  . . . [a]n argument containing the contentions of the appellant/petitioner with respect to the issues

5

Exhibit J, pp. 4-5).  Again, *Harris* indicates that this claim is procedurally defaulted.

So, in summary, all of the claims Williams brings in this petition are procedurally defaulted.  However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded.  The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can

---

presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on. Citations of authority shall comply with the rules of citation in the latest edition of either *The Bluebook:  A Uniform System of Citation* or *ALWD (Association of Legal Writing Directors Citation Manual:  A Professional System of Citation* or shall otherwise comply with the style and form used in opinions of the Supreme Court of Alabama. Citations shall reference the specific page number(s) that relate to the proposition for which the case is cited."

also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Williams has argued, in his Reply Brief (Doc. 10), that the procedural default of his ineffective assistance of appellate counsel claim should be excused because the United States Supreme Court, in *Martinez v. Ryan*, --- U.S. ---, ---, 132 S.Ct. 1309, 1320 (2012), held the following:

> Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

*Martinez* reviewed circumstances in which a criminal defendant's first opportunity to raise an ineffective assistance of trial counsel claim was in collateral proceedings as Arizona law precluded the opportunity to raise such a claim on direct appeal.  *Martinez*, 132 S.Ct. at 1313.

However, Alabama's law, with regard to this issue, is different than that of Arizona.  Under Alabama law, "[a]ny claim

that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable." Ala.R.Crim.P. 32.2(d). Case law demonstrates that this rule is enforced as shown in *Gray v. State*, 581 So.2d 1136 (Ala. Crim. App. 1990) ("Appellant's claim concerning ineffective assistance of counsel also should have been raised on direct appeal, since he was represented on direct appeal by different counsel; thus, it is also procedurally barred").

In his petition, Williams states that he was represented by different attorneys at trial, in a Motion for a New Trial, and on direct appeal (Doc. 1, p. 3). In his Motion for a New Trial, his newly-appointed attorney brought an ineffective assistance of trial counsel claim for his failure to call a witness (*see* Doc. 6, Exhibit A, Volume 1, pp. 27-29); his attorney did not raise the claim raised in this petition—that his trial attorney had failed to properly investigate his case (Doc. 1, p. 24). Likewise, Williams's appellate attorney did not raise this ineffective assistance of trial counsel claim—or any such claim—on direct appeal, though given the opportunity to do so (*see* Doc. 6, Exhibit D). Because Petitioner had two different opportunities to raise his ineffective assistance of

8

trial counsel claim before raising the claim on collateral review, *Martinez* is inapplicable here.

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts. Furthermore, Williams has not shown that this Court's failure to discuss the merit of these claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers all claims brought by Williams in this action be procedurally defaulted and will not discuss their merit.

Petitioner has raised three different claims in bringing this action. All are procedurally defaulted. Therefore, it is recommended that this petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit

justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  As Williams has not raised these claims in the State courts in a timely manner, a reasonable jurist could not conclude that this Court erred in dismissing the instant petition or that Williams should be allowed to proceed.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*. Finally, it is recommended that judgment be entered in favor of Respondent, Cynthia Stewart, and against Petitioner, Timothy Wayne Williams.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

11

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 10th day of November, 2015.

                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE