IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0126-WS-M |
| | ) |
| CYNTHIA A. STEWART, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on the report and recommendation ("R&R") issued by the Magistrate Judge, recommending that the petition be denied, the action be dismissed, and a certificate of appealability ("COA") be denied. (Doc. 14). The petitioner has filed an objection. (Doc. 17).

The petition asserts that trial counsel was ineffective because he failed to properly investigate the case and thus failed to call the petitioner's son as a witness. The petition also asserts that appellate counsel was ineffective because he failed to raise on appeal the issue of trial counsel's ineffectiveness. (Doc. 1 at 3-4). The R&R concludes that these claims are procedurally defaulted, (Doc. 14 at 4-6), and that the petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice. (*Id*. at 7-9).

The petitioner does not object to the Magistrate Judge's determination that his claims are procedurally defaulted. He argues, however, that he has shown cause for the default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and that he has also shown both prejudice and a fundamental miscarriage of justice. The Court concludes that the Magistrate Judge should take a further look at these issues.

Technically, *Martinez* holds only that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320.  The Magistrate Judge concluded that *Martinez* does not apply because, unlike in Arizona (which prohibits ineffective assistance claims from being raised on direct review) an Alabama defendant can – and must, if practicable – raise an ineffective assistance claim at trial or on direct appeal. (Doc. 14 at 7-9).[1]

It is not clear to the Court that this is a complete answer to the question raised.  The Magistrate Judge located the procedural default regarding the claim of ineffective assistance of trial counsel in the failure of appellate counsel to assert such a claim on direct appeal.  (Doc. 14 at 5).  As *Martinez* notes, "an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default," 132 S. Ct. at 1317; if, as the petitioner asserts, appellate counsel was ineffective in failing to assert the ineffectiveness of trial counsel, *Martinez* indicates this could supply cause for the procedural default.  The Court makes no determination in this regard but leaves it to the Magistrate Judge to consider and address the possibility.[2]

---

[1] "Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable." Ala. R. Crim. P. 32.2(d).

The petitioner insists that "allegations of ineffective assistance of counsel may not be raised for the first time on appeal and these allegations are more appropriately dealt with in a Rule 32 petition."  (Doc. 17 at 2).  The petitioner places this statement within quotation marks but provides no source for the quote.  It appears to the Court that decisional law as well as Rule 32.2(d) contemplates the permissibility of ineffective assistance claims on direct review.  *E.g., Ex parte Ingram*, 675 So. 2d 863 (Ala. 1996).

[2] The Magistrate Judge apparently interpreted the petitioner's brief as invoking *Martinez* only with respect to his claim of ineffective assistance of appellate counsel.

The Magistrate Judge found procedural default regarding the claim of ineffective assistance of appellate counsel in the failure of initial-review collateral counsel to properly present the claim in the Rule 32 proceedings.  (Doc. 14 at 5).  *Martinez* does not expressly address this situation, but it indicates that its rule is based, at least in part, on the realization that, when the initial-review collateral proceeding is the defendant's first opportunity raise an ineffective assistance claim, the initial collateral review "is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." 132 S. Ct. at 1317.  Since a claim of ineffective assistance of appellate counsel presumably cannot be raised on direct appeal (since it is only then being committed), the Rule 32 proceedings would seem to be similarly equivalent to a direct appeal of that issue.  If so, it may be that the rule of *Martinez* extends to this situation.  And if so, it may be that collateral counsel was ineffective and that such ineffectiveness furnishes cause for the procedural default.  Again, the Court makes no determination in this regard but leaves it to the Magistrate Judge to consider and address the possibility.

The R&R states that the petitioner has not demonstrated prejudice, (Doc. 14 at 9), but it does not appear to explain that conclusion, and it does not address the petitioner's contention that an Alabama appellate court "f[ound] that had the claims of Williams been properly raised, Williams would probably had [sic] been entitled to relief." (Doc. 17 at 6).  Again, the Court makes no determination regarding prejudice but leaves it to the Magistrate Judge to consider and address the issue.

Finally, the R&R states that the petitioner has not demonstrated that a failure to reach the merits of his claims will result in a fundamental miscarriage of justice, (Doc. 14 at 9), but it does not appear to explain that conclusion.  Again, the Court makes no determination on this issue but leaves it to the Magistrate Judge to consider and address the issue.

---

(Doc. 14 at 7).  The Court construes the petitioner's reply brief regarding *Martinez* as applying to the claim of ineffective assistance of trial counsel as well.  (Doc. 10 at 4).

For the reasons set forth above, this matter is **remanded** to the Magistrate Judge for further proceedings in accordance with this opinion, culminating in the issuance of a new R&R.

DONE and ORDERED this 24th day of February, 2016.

s/WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE